MENTAL HEALTH
Title 43A O.S. 54.1 [43A-54.1] (1977), now expressly provides that a District Attorney in whose district the person requiring treatment may be found is a proper party to petition the district court to determine whether the person is a person requiring treatment and to order the least restrictive appropriate treatment for him. In accordance herewith, Attorney General's Opinion No. 71-231 (40kl.0p.A.G.181), issued June 10, 1971, is expressly overruled. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does the District Attorney, in whose district a person alleged to be a person requiring a treatment may be found, as well as those other persons enumerated in 43A O.S. 54.1 [43A-54.1](A)(1) (1977), have the authority under Oklahoma law to file a petition in district court for a determination as to whether a person is a person requiring treatment and an order for the least restrictive appropriate treatment for him? Attorney General's Opinion No. 71-231 (4 Okl.Op.A.G. 181), which construed 43A O.S. 55 [43A-55] (1961) (now renumbered to 43A O.S. 54.1 [43A-54.1]) was rendered as a result of a question as to whether the statute as then in effect included District Attorneys as interested persons qualified to file a petition for involuntary committal, and exactly when the Office of the District Attorney was required to participate in the proceedings. Title 43A O.S. 55 [43A-55] (1970), provided as follows: "The father, mother, husband, wife, brother, sister, or child, over the age of eighteen (18) years, of a person alleged to be mentally ill, or the Sheriff, superintendent or physician in charge of any hospital or institution for the care and treatment of the mentally ill, or mentally retarded, or any peace officer within the county in which the alleged mentally ill person resides or is a patient or may be, may petition the county court . . ." Opinion No. 71-231 (4 Okl.Op.A.G. 181) noted that 43A O.S. 55 [43A-55] did not make provisions for the Office of the District Attorney to file such a petition, and the Opinion was issued on that basis. The above-referenced section was renumbered to 43A O.S. 54.1 [43A-54.1] (1977), and amended in 1977 to read, in pertinent part, as follows: "The father, mother, husband, wife, brother, sister or child over the age of eighteen (18) years, of a person alleged to be a person requiring treatment, a physician or person in charge of any medical facility or correction institution, or any peace officer within the county in which the alleged person requiring treatment may be found or the district attorney in whose district the person requiring treatment may be found, may petition the district court . . ." (Emphasis added) The Legislature has indicated by this recent amendment, in clear and unambiguous language, their intent that the District Attorney is to be included as an interested party qualified to file the petition and therefore Opinion 71-231 (4 Okl.Op.A.G. 181) is no longer applicable. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Title 43A O.S. 54.1 [43A-54.1] (1977), now expressly provides that a District Attorney in whose district the person requiring treatment may be found is a proper party to petition the district court to determine whether the person is a person requiring treatment and to order the least restrictive appropriate treatment for him. In accordance herewith, Attorney General's Opinion No. 71-231 (4 Okl.Op.A.G. 181), issued June 10, 1971, is expressly overruled. (PAUL C. DUNCAN)